# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOEL LANFAIR,

      Petitioner,

vs.                                                                      Case No. 8:06-CV-572-T-27MAP

JAMES McDONOUGH,

      Respondent.

_____/

## O R D E R

Before the Court is a petition for writ of habeas corpus filed by Petitioner, a State of Florida inmate proceeding *pro se,* pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 14, 2004 convictions for trafficking in methamphetamines, possession of marijuana, and driving without a valid driver's license entered in the Twelfth Judicial Circuit Court, Sarasota County, Florida.  Respondent has filed a motion to dismiss the petition (Dkt. 6), and Petitioner has filed a reply to Respondent's motion (Dkt. 11).  In his reply, Petitioner acknowledges that his petition should be dismissed but requests that the dismissal be without prejudice to allow him "to exhaust further relief in the state court." *Id*.  The Court concludes that Petitioner's request for dismissal without prejudice should be denied.[1]  An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a).

---

[1] Rule 41 provides, in pertinent part, that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1).  A responsive pleading has, however, been filed in these proceedings. Accordingly, Petitioner must secure leave of the Court to dismiss the Petition. Fed. R. Civ. 41(a)(2).  Given the procedural posture of this case, the Court concludes that Respondent would be unduly prejudiced by a dismissal without prejudice.

**Background**

Petitioner was charged by Information on February 20, 2003, with one count each of trafficking in methamphetamine, possession of marijuana, and operating a vehicle without a valid driver's license (Dkt. 7, Ex. 1). Represented by court-appointed counsel, on October 27, 2003, Petitioner filed a motion to suppress the methamphetamine and marijuana seized by police when they conducted a search of Petitioner during his warrantless arrest (Dkt. 7, Ex. 2). Following a hearing held on June 9, 2004, the trial court denied Petitioner's motion to suppress (Dkt. 7, Ex. 3), finding that for purposes of appeal, the motion to suppress was dispositive of Petitioner's guilt (Dkt. 7, Ex. 4).

In a negotiated plea agreement, Petitioner agreed to enter a plea of *nolo contendere* to the charges, reserving the right to appeal the suppression issue. On July 1, 2004, Petitioner was sentenced to a term of seven years on the trafficking charge and time served on the charges of possession of marijuana and operating a vehicle without a valid driver's license (Dkt. 7, Ex. 6).

Represented by court-appointed counsel, Petitioner filed a direct appeal of the conviction asserting that the trial court erred in denying the motion to suppress. On October 7, 2005, the appellate court affirmed Petitioner convictions and sentences, with the mandate issuing on October 31, 2005. *See Lanfair v. State*, 912 So. 2d 1228 (Fla. 2d DCA 2005) (table decision).

In a timely petition for federal habeas relief filed on April 5, 2006, Petitioner asserts that the trial court erred in denying his motion to suppress (Dkt. 1 at 4). Having carefully reviewed the record and being duly apprised of the arguments presented by the parties,

for reasons set forth *infra*, the Court finds that Petitioner has not demonstrated that he is entitled to federal habeas relief.

### Standard of Review

A court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt,* 381 F.3d 1077, 1080 (11th Cir. 2004) ( internal quotation and citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Id.* "'In determining whether to grant a Rule 12(b)(6) motion, the Court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" *Watson v. Bally Mfg. Corp.*, 844 F.Supp. 1533, 1535 n.1 (S.D. Fla. 1993), *aff'd.*, 84 F.3d 438 (11th Cir. 1996) (quoting 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 at p. 299 (1990)).

Courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, but need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Exam'rs*, 859 F.Supp. 1489, 1492 (S.D. Fla. 1994). A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Luckey v. Harris*, 860 F.2d 1012, 1016 (11th Cir. 1988), *reh'g denied en banc*, 896 F.2d 479 (11th Cir. 1989), *and cert. denied*, 495 U.S. 957 (1990).

## Discussion

In his petition, Petitioner alleges that the trial court erred in denying his motion to suppress drugs found in his possession when he was arrested because "[t]he search and arrest was [sic] unlawful because there was no independent corroboration by the police of the details of the informant's information and because of the lack of sufficient detail in the CI's tip" (Dkt. 2 at 12). Specifically, citing *Wong Sun v. United States*, 371 U.S. 471 (1963), Petitioner argues that he is entitled to withdraw his plea and proceed to trial because his rights under the "Fourth, Fifth, and Fourteenth Amendments of the United States Constitution" were violated when the State relied on evidence that he contends was excludable under the "poison tree doctrine" as a basis for prosecuting him (Dkt. 2 at 13). Petitioner's claim that the evidence seized during the January 28, 2003 stop and search should be suppressed was raised and rejected by the trial court following a hearing on his pretrial motion to suppress and again by the appellate court on direct appeal.

Respondent asserts that Petitioner's challenge to the trial court's denial of his motion to suppress on the merits is not cognizable in a federal habeas proceeding. *See Bradley v. Nagle*, 212 F.3d 559, 565 (11th Cir. 2000), *cert. denied*, 531 U.S. 1128 (2001); *Mincey v. Head*, 206 F.3d 1106, 1125 (11th Cir. 2000), *cert. denied*, 532 U.S. 926 (2001) (holding that "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" (citation omitted)). In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that a state court's determination that a particular search or seizure does not violate the defendant's Fourth Amendment rights is not reviewable on federal habeas so long as the defendant had a full and fair chance to litigate the Fourth Amendment claim in the state

- 4 -

court. The Supreme Court's decision in *Stone* rested on prudential concerns that counseled against the application of the Fourth Amendment exclusionary rule on federal collateral review. *Id.* at 494-95 n.37.

The *Stone* Court reasoned that the Fourth Amendment exclusionary rule was not a personal constitutional right. Rather, the rule was designed to deter future Fourth Amendment violations, and its application on federal habeas many years after the alleged police misconduct would only marginally advance the goal of deterrence. Moreover, allowing federal habeas review would exclude ordinarily reliable evidence, waste judicial resources, frustrate the necessity of finality, and increase friction between federal and state systems. *Id.* at 491.

Petitioner does not assert that he was denied a full and fair chance to litigate the Fourth Amendment claim in the trial court or to argue the issue before an appellate court, and in fact he did so, albeit unsuccessfully. After hearing the testimony of Detective Jeff Manning, the law enforcement officer who set up the undercover drug transaction with the aid of the confidential informant, the trial court denied Petitioner's motion to suppress. The record reflects that during the hearing, trial counsel was allowed to cross-examine Detective Manning and an opportunity to call witnesses to rebut his testimony. Petitioner was also afforded an opportunity to argue the issue before the state appellate court. *See Swicegood v. State of Alabama*, 577 F.2d 1322, 1324-25 (5th Cir. 1978) (finding that where a petitioner who asserts that he "was denied fair consideration because the state courts misapplied settled principles of constitutional law" presented the Fourth Amendment question to the trial court and state appellate courts without success, he could not "successfully argue that he did not receive full consideration of his claim").

In the instant case, the factual issues were fully developed and the legal premises for each party's position were presented during argument. *See Townsend v. Sain*, 372 U.S. 293, 312-13 (1963), overruled in part, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992). Having reviewed the record, the Court finds, as did the state appellate court implicitly in its decision affirming Petitioner's conviction, that the trial court's findings are adequately supported by the record.

Because Petitioner fails to allege, much less demonstrate, that the suppression hearing conducted by the trial court denied him of an opportunity for a full and fair litigation of his Fourth Amendment claim, he cannot further relitigate the same issue in a federal habeas court. *See Harris v. Dugger*, 874 F.2d 756, 761 (11th Cir.), *cert. denied*, 493 U.S. 1011 (1989) (federal habeas petitioner who had fully and fairly litigated his *Franks*[2] claim of illegal arrest in the state courts of Florida was precluded from federal habeas review of the claim); *Boggs v. Bair*, 892 F.2d 1193, 1200 (4th Cir. 1989), *cert. denied*, 495 U.S. 940 (1990).

In a recent decision, the Eleventh Circuit reiterated its holding that under *Stone*, "[f]or a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Peoples v. Campbell*, 377 F.3d 1208, 1225 (11th Cir. 2004) (quoting *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir.1990)). Like Peoples, Petitioner has had ample opportunity to examine his Fourth Amendment claims in state court.

---

[2]*Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (a reckless or intentional misstatement of a material fact in a search warrant affidavit requires suppression of the fruits of the resulting search under the Fourth Amendment to the United States Constitution).

**Conclusion**

The Court concludes that under controlling case law, Petitioner has failed to present a claim for which relief can be granted under 28 U.S.C. § 2254. Respondent's motion to dismiss will, therefore, be granted.

ACCORDINGLY, the Court **ORDERS** that:

1.  Respondent's motion to dismiss (Dkt. 6) is **GRANTED**.

2.  The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _October 24th_, 2006.


_____

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to: All Parties of Record

- 7 -